ORIGINAL

FILED
U.S. DISTRICT COURT

2010 NOV 17 PM 3:37

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTHONY EUREE CURRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) | CV 309-068 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Anthony Euree Curry ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I. **BACKGROUND**

Plaintiff applied for DIB and SSI on August 4, 2003, alleging an onset date of May 30, 2002. Tr. ("R."), pp. 95-97, 158, 614-16. Plaintiff alleged disability due to diabetes,

nerve damage, swollen legs, and pain.[1] R. 67, 158. The Social Security Administration denied Plaintiff's applications initially, R. 69-72, 623-26, and on reconsideration, R. 63-66, 620-22. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on May 10, 2006. R. 53, 629. Plaintiff, who was represented by counsel, testified on his own behalf at the hearing. R. 53, 640-62. Plaintiff's mother also testified at the hearing. R. 663-71. The ALJ issued an unfavorable decision dated June 29, 2006, in which he found that Plaintiff had engaged in substantial gainful activity ("SGA"). R. 55-56. Plaintiff sought review by the Appeals Council ("AC"), who vacated the ALJ's decision and remanded with instructions for the ALJ to "[d]evelop and resolve the issue of SGA." R. 87-89. On remand, the ALJ held a hearing on December 21, 2007, at which Plaintiff was again represented by counsel; at the second hearing, Plaintiff and his sister testified. R. 673-97. On June 10, 2008, the ALJ issued another decision unfavorable to Plaintiff. R. 12-20.

In denying Plaintiff's claims for DIB and SSI, the ALJ applied the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, and set forth the following findings of fact and conclusions of law:

1. The claimant engaged in [SGA] at all times except for the period May 30, 2002 (his alleged onset date) to October 2003 (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*) There has been no continuous 12-month period during which the claimant has not engaged in [SGA].

R. 17-19. The ALJ therefore determined that Plaintiff was not disabled and ended his

---

[1]Plaintiff also alleged disability resulting from a low intelligence quotient, though he did not include that allegation in his original applications for DIB and SSI. R. 291.

analysis at step one of the sequential process, citing the Supreme Court's decision in Barnhart v. Wilson for the proposition that a claim is properly denied at step one if there has been no consecutive 12-month period following the claimant's alleged onset date in which he has not engaged in SGA. See Barnhart, 535 U.S. 212, 217-222 (2002); 20 C.F.R. § 404.1520(b).

When the AC denied Plaintiff's request for review, R. 6-9, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Having failed to convince the AC to review his case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision and remand to the Commissioner for further consideration. Specifically, Plaintiff argues that the ALJ erred by concluding that Plaintiff engaged in SGA during the relevant time period. (See doc. no. 10 (hereinafter "Pl's Br."); doc. no. 16 (hereinafter "Pl's Reply Br.").) The Commissioner maintains that the ALJ made a proper step one determination that Plaintiff was not disabled because Plaintiff failed to show a 12-month period following the onset of his disability in which he did not engage in SGA. (Doc. no. 15 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

3

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

As noted above, the ALJ concluded his analysis at step one of the five step sequential process, denying Plaintiff's claims because he found there had been no consecutive 12-month period since the alleged date of onset in which Plaintiff had not engaged in SGA. Plaintiff contends that the ALJ erred in his determination that Plaintiff had engaged in SGA. The Commissioner argues that the ALJ's decision should not be reversed because, with respect to the issue of SGA, substantial evidence supports his factual findings and his legal analysis was correct.

A claimant must be "under a disability" to be entitled to DIB. 42 U.S.C. § 423(a)(1)(E).[2] The Social Security Act defines "disability" as the "inability to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). As noted above, the Social Security Administration has promulgated formal regulations that set forth a five-step process for determining whether a claimant is under a disability. See 20 C.F.R. §§ 404.1520 & 416.920.

Step one – the only part of the sequential process at issue here – requires a determination as to whether the claimant is "doing [SGA]." Id. §§ 404.1520(a)(4)(ii) & 404.1520(b). "[A] claimant is not disabled regardless of his medical condition, if he is doing [SGA]." Barnhart, 535 U.S. at 217 (quoting 20 C.F.R. § 404.1520(b)) (quotation marks and punctuation omitted); see also Kelley v. Apfel, 185 F.3d 1211, 1214 (11th Cir. 1999) ("Step

---

[2]Being under a disability can also entitle a person to SSI. Id. § 1382(a).

One asks whether the claimant is currently engaging in [SGA]. If the claimant is so engaged, he is not disabled" (citation omitted)). Moreover, a "claimant is not disabled if 'within 12 months after the onset of an impairment . . . the impairment no longer prevents [SGA].'" Barnhart, 535 U.S. at 217 (quoting 65 Fed. Reg. 42,772, 42,774 (July 11, 2000) (to be codified at 20 C.F.R. pts. 404 & 416)). Consequently, a claimant will not prevail "in the face of specific evidence that the claimant's impairment did not, in fact, prevent him . . . from engaging in [SGA] for 12 continuous months" following the onset of his disability. 65 Fed. Reg. at 42,774.

SGA is defined as "work that involves significant mental and physical activities and that is the kind of work that is usually done for pay or profit." Johnson v. Sullivan, 929 F.2d 596, 597 (11th Cir. 1991) (quoting 20 C.F.R. § 404.1572). "In evaluating [a claimant's] work activity for [SGA] purposes, [the] primary consideration will be the earnings [the claimant] derive[s] from the work activity." 20 C.F.R. § 404.1574(a)(1). In calculating earnings, only the actual value of a claimant's work is taken into consideration; if a claimant's earnings are subsidized – that is, if his "earnings exceed the reasonable value of the work [he] performs" – then the amount of the subsidy does not count as earnings for SGA purposes.[3] Id. § 404.1574(a)(2).

Earnings determinations are made with reference to the earnings guidelines (the "Guidelines") set forth in the Social Security Administration's regulations. See id. § 404.1574(b). The Guidelines establish monthly earnings amounts for each year. See id. §

---

[3]The cost of impairment-related work expenses is also deducted when making earnings calculations. Id. §§ 404.1574(b) & 404.1576.

6

404.1574(b)(2)(ii) (setting forth method of calculating monthly earnings); see also Program Operation Manual System (hereinafter "POMS") § DI 10501.015 (providing tables that set forth actual Guideline amounts for each year based on formula from regulations). If a claimant's average monthly earnings exceed the amount set forth in the Guidelines, a presumption arises that he is engaging in SGA; if a claimant's average monthly earnings are equal to or less than the Guideline amounts, he is presumed not to be engaging in SGA. 20 C.F.R. §§ 404.1574(b)(2) - (3)(i).

Earnings are typically dispositive of the SGA issue. See id. § 404.1574(b)(3)(i) ("[The Social Security Administration] will generally not consider other information in addition to [a claimant's] earnings . . . ."). However, other information may be taken into account "if there is evidence that [the claimant] may be engaging in [SGA] or that [the claimant is] in a position to control when earnings are paid to [him] or the amount of wages paid to [him]." Id. § 404.1574(b)(3)(ii).

The regulations provide examples of the type of additional information that may be taken into account in such circumstances, one of which is "whether [the claimant's] work is comparable to that of unimpaired people in [his] community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work[.]" Id. § 404.1574(b)(3)(ii)(A).[4] If a claimant's work

---

[4]The Court will hereinafter refer to this provision as the "test of comparability," as it is commonly known. In conjunction with the test of comparability, the regulations provide that another example of "other information" that may be considered is "whether [a claimant's] work, although significantly less than that done by unimpaired people, is clearly worth more than [the Guideline amounts], according to pay scales in the [claimant's] community. Id. § 404.1574(b)(3)(ii)(A). This latter provision is commonly known as "the test of worth."

7

is comparable to that of unimpaired people in his community who are doing the same type of work as their means of livelihood, then it may be appropriate to find that he is engaging in SGA despite earnings that are below the Guideline amounts. See id.; Augustin v. Halter, No. 00-0531-BH-S, 2001 U.S. Dist. LEXIS 8752, at *7-12 (S.D. Ala. May 11, 2001) (SGA properly found where claimant's monthly earnings were $12 under applicable Guideline amount but claimant did comparable work to unimpaired people doing the same work in her community for their livelihoods), aff'd, 2001 U.S. Dist. LEXIS 8755. Furthermore, "work may be substantial even if it is done on a part-time basis . . . ." 20 C.F.R. § 404.1572(a); Kelley, 185 F.3d at 1214 ("At Step One, there is no *per se* rule that part-time work cannot constitute [SGA].").

With these principles in mind, the Court turns its attention to the question of whether the ALJ erred in his determination that Plaintiff engaged in SGA during the relevant time periods in this case.

### A. May 30, 2002 (Alleged Onset Date) to October 8, 2003

The ALJ found that Plaintiff quit a job with Aladdin Manufacturing on May 29, 2002 due to a disagreement with another employee and noted that his alleged disability onset date is May 30, 2002. R. 17, 157-58. In addition, the ALJ found that between May 30, 2002 and October 8, 2003, Plaintiff spent several months working part-time for a company called Southeastern Paper, but was otherwise unemployed. R. 17, 682. The ALJ stated that claimant "did not work from May 30, 2002 to October 2003 because he was unable to find employment – not because his impairments prevented him from doing so." R. 17, 19. The ALJ concluded that, because Plaintiff's lack of employment during this period was due to

an inability to find work rather than an impairment, this period did not count as a 12-month period without SGA. R. 19.

This portion of the ALJ's decision amounts to a misapplication of the governing legal standards. Both the plain language of the applicable regulation and relevant case law make clear that the only determination to be made at step one of the sequential process is whether the claimant is currently engaging in SGA. Id. §§ 404.1520(a)(4)(ii) & 404.1520(b) ("If [a claimant] is working and the work [he is] doing is [SGA], [the Social Security Administration] will find that [he] is not disabled . . . ."); Kelley, 185 F.3d at 1214 ("Step One asks whether the claimant is currently engaging in [SGA]."); see also POMS § 10505.C.4 ("The SGA determination should be based only on work activity actually performed."). Thus, denial of a claim at step one for failure to show a consecutive 12-month period without SGA must be grounded in a determination that the claimant actually engaged in SGA during the relevant period and therefore cannot meet the duration requirement. See Barnhart, 535 U.S. at 217; 65 Fed. Reg. at 42,774 (interpreting Social Security Act to allow the denial of a claim "in the face of specific evidence that the claimant's impairment did not, in fact, prevent him . . . from engaging in [SGA] for 12 continuous months" following the onset of his disability).

Here, the ALJ went beyond the bounds of a proper step one SGA analysis by considering the reason that Plaintiff did not work from May 30, 2002 to October 9, 2003. As Plaintiff correctly points out, the reason a claimant is not working is immaterial in conducting a step one analysis. Pl's Br., p. 5. The Commissioner maintains that the ALJ properly relied on the reason for Plaintiff's failure to work because the Social Security Act's

9

definition of "disability" encompasses the reason for the claimant's inability to engage in SGA. Comm'r's Br., p. 5 n.5 (quoting 42 U.S.C. §§ 423(d)(1)). The flaw in this argument is that, while the statutory definition of "disability" may support an inquiry into the reason a claimant has not engaged in SGA, that inquiry cannot properly be made at step one, as the ALJ did here. The ALJ's determination that Plaintiff did not engage in SGA therefore constitutes a misapplication of the relevant legal standards. Wiggins, 679 F.2d at 1389 ("Failure to apply the correct legal standards . . . is grounds for reversal.").

**B.     October 8, 2003 to June 10, 2008**

The ALJ found that Plaintiff began working part-time at Big Lots on October 8, 2003, and was still working there on a part-time basis as of June 10, 2008, the date of the ALJ's decision currently under review. R. 17. The ALJ made findings as to Plaintiff's earnings for each year within the period in question. See R. 17. The ALJ made note of the earnings amounts for the applicable years in the Guidelines, which are calculated as amounts earned on a monthly basis. Id. The ALJ converted the Guideline amounts from earnings per month to earnings per hour, and attempted to calculate Plaintiff's average monthly and hourly earnings for each year in question. R. 17, 18. The ALJ's specific calculations as to Plaintiff's average monthly and hourly wages are as follows:

> Earnings from Big Lots, Inc. from October 8, through December 31, 2003, were $4,255.00 – average monthly earnings of $1,418.33 at a rate of $7.25 per hour and, in 2004, $7,157.00 with average monthly earnings of $987.17 per month at $7.25 per hour. In 2005 the claimant worked a total of 7.08 months for a total of 1,226 hours at $7.25 [per] hour; in 2006, 6.63 months for a total of 1,149 hours at $7.25 per hour, and in 2007, 4.31 months for a total of 748 hours at $7.25 per hour.

Id. The ALJ found that "[b]ased on verified earnings, the claimant's countable earned income exceeded the amount allowed to be eligible for [SSI] beginning October 2003 and continuing." R. 18.

Inexplicably, the ALJ did not end his analysis after determining that Plaintiff's actual income disqualified him from receiving the benefits he sought. Following that determination, the ALJ set forth the statutory definition of SGA and noted that part-time work could be SGA. Id. He then posited that "[t]here is a conflict between working part time as [SGA] (20 CFR 404.15722) and monetary amounts that are considered less than SGA (20 CFR 404.1574). Common Law holds that the older law takes precedence." Id. The ALJ reasoned that, because 20 C.F.R. § 404.1572 predates 20 C.F.R. § 404.1574, a situation in which a claimant has part-time earnings in excess of the hourly amounts calculated based on the Guidelines "triggers an inquiry whether the monetary amounts are equal to other such work activities in the community and number of hours they work in the industry." Id.

The ALJ went on to find that there were three other employees working part-time doing the same tasks as Plaintiff. R. 18-19. The ALJ concluded that Plaintiff had engaged in SGA during this period because his work was "comparable to that done by unimpaired people," his wages represented the value of the work he performed, and "his earnings [were] equal to or more than the amounts determined to represent [SGA]." R. 19.

The portion of the ALJ's decision pertaining to the period of October 8, 2003 to June 10, 2008 also constitutes a misapplication of the governing legal standards. First, the ALJ misapplied the relevant law by making an earnings determination based on hourly rather than

11

monthly earnings. 20 C.F.R. § 404.1574(b)(2)(ii) sets forth an extremely precise formula for determining Guideline amounts, and the formula necessarily yields an amount that represents monthly earnings. See also POMS § DI 10501.015 (providing tables that contain actual amounts calculated using regulatory formula, listed only as monthly earnings). Essentially, the ALJ unilaterally modified that formula by adding an extra step to convert the Guidelines' monthly amounts to hourly amounts, which allowed him to find Plaintiff's earnings in excess of the Guideline amounts based on his hourly earnings. Cf. Stewart v. Barnhart, 2004 U.S. Dist. LEXIS 15087, at *19-20 (N.D. Iowa 2004) (remanding case where ALJ improperly modified statutory method for determining past relevant work "by calculating [hourly] part-time earnings into full-time earnings").[5]

In its response to Plaintiff's challenge to the use of hourly earnings, the Commissioner cites POMS § DI 10505.005 for the proposition that "consideration of an individual's hourly wage is not inappropriate" in an earnings determination. Comm'r's Br., p. 6. This POMS section indeed approves consideration of hourly wages, but only to the extent needed to calculate monthly earnings for comparison to the monthly amounts set forth in the Guidelines; therefore, this section provides further support for the conclusion that earnings must be calculated on a monthly basis. See id. § DI 10505.005.G (providing formulas for calculating average monthly income using hourly wages and for calculating average monthly income based on part-time work).

---

[5]Neither party has cited to, and the Court is not aware of, any case law pertaining to the use of hourly wages as used by the ALJ in the context of an SGA earnings determination.

12

Nor, as suggested by the ALJ, is the use of hourly earnings justified by any sort of conflict between the statement in 20 C.F.R. § 404.1572 that part-time work can constitute SGA and the Guideline amounts that are presumed too low to constitute SGA under 20 C.F.R. § 404.1574. R. 18. These provisions are not in conflict. Part-time work, just like full-time work, should generally be held sufficient to find a claimant has engaged in SGA when it yields average monthly earnings that exceed the Guideline amounts; likewise, average monthly earnings that are lower than the Guideline amounts should generally lead to a conclusion that a claimant is not engaging in SGA, regardless of whether such earnings result from part-time or full-time employment. See 20 C.F.R. § 404.1774(b).[6]

Furthermore, the ALJ's conclusion that Plaintiff engaged in SGA because he did work comparable to that done by unimpaired people in his community, see R. 19, resulted from a misapplication of the relevant law. As noted above, the test of comparability asks whether the plaintiff's work "is comparable to that of unimpaired people in [his] community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work." 20 C.F.R. § 404.1574(b)(3)(ii)(A); see also Augustin, 2001 U.S. Dist. LEXIS at *7. The only facts cited in support of the ALJ's conclusion that the test of comparability justifies finding no SGA in

---

[6] In addition, the Court notes that the ALJ appears to have erred in some of his calculations of Plaintiff's average monthly earnings. For example, the ALJ's finding that Plaintiff had average monthly earnings of $987.17 in 2004 but only had annual earnings of $7,157 is highly suspect. See POMS § DI 10505.005.G (instructing that, when annual wages must be used to calculate monthly earnings, the yearly amount should be divided by 12 to obtain the monthly amount.) Because the ALJ improperly relied on Plaintiff's average hourly wages in rendering his decision, the Court need not scrutinize all of his calculations of Plaintiff's average monthly earnings. On remand, however, the Court presumes that Plaintiff's average monthly earnings will be correctly calculated. See id.

13

this case is that "three other people are working part-time doing the same tasks he is doing." R. 18. The ALJ did not find that the three other people doing similar work were unimpaired, or that they did such work as their means of livelihood. See id. Likewise, the Commissioner has not argued that these other individuals were unimpaired or doing similar work as their means of livelihood. At any rate, the regulations do not contemplate SGA decisions to be made based solely on application the test of comparability – rather, that test should be considered, if at all, in conjunction with the primary SGA factor: actual earnings, which here were improperly calculated as hourly wages rather than average monthly earnings. 20 C.F.R. § 404.1574(b)(2) - (3). Therefore, the ALJ's conclusion that Plaintiff engaged in SGA based on the comparable work done by other people constituted a misapplication of 20 C.F.R. § 404.1574(b)(2) - (3).

In sum, although it is by no means clear that Plaintiff is entitled to DIB and SSI, it is apparent that the ALJ did not conduct a proper step one analysis of Plaintiff's claim. The ALJ's erroneous step one analysis is error and warrants remand under sentence four of Section 405(g).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

In addition, should the District Court adopt this Court's recommendations as its opinion, Plaintiff should be given an extension of time of 30 days from the date of the Social

Security closeout letter to file for fees under 42 U.S.C. § 406(b), as requested by Plaintiff's counsel.

SO REPORTED and RECOMMENDED this 17th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE